IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SHAWN A. TRAMPE,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>HY-VEE, INC.,<br><br>　　　　　　Defendant. | 4:24CV3041<br><br>**SECOND AMENDED FINAL PROGRESSION ORDER** |

　　　This matter comes before the court on the Stipulation and Joint Motion to Continue Progression Order. (Filing No. 23). IT IS ORDERED that the final progression order is amended as follows:

1)　The trial and pretrial conference will not be set at this time. A status conference to discuss case progression, the parties' interest in settlement, and the trial and pretrial conference settings scheduled on March 18, 2025 is continued and will be held with the undersigned magistrate judge on **August 18, 2025** at **10:00 a.m.** by telephone. Counsel shall use the conferencing instructions assigned to this case to participate in the conference. (Filing No. 20).

2)　Motions to compel written discovery under Rules 33, 34, 36, and 45 must be filed by June 3, 2025.

　　**Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3)　The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is May 28, 2025.

4)  The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), is July 15, 2025.

5)  The deposition deadline, including but not limited to depositions for oral testimony only under Rule 45, is September 23, 2025.

6)  The deadline for filing motions to dismiss and motions for summary judgment is October 15, 2025.

7)  The deadline for filing motions to exclude testimony on *Daubert* and related grounds is August 19, 2025.

8)  Motions in limine shall be filed twenty-eight days before trial. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

9)  The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report or previous final progression orders that are not inconsistent with this order.

10) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 30th day of January, 2025.

BY THE COURT:

s/ Ryan C. Carson
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.